JANE KEMPER, Respondent, v. WM. BERKLEY et al., Defendants; THOMAS G. SYDNOR, Appellant.

St. Louis Court of Appeals, April 4, 1899.

Trustee's Sale: OWNER OF EQUITY OF REDEMPTION: PURCHASER. In the case at bar the transaction was a purchase by defendant Berkley of her own land at her own sale, and has the same legal and equitable bearing on her interest in the lands, as if she had before sale paid off the deed of trust and received a deed of release from the trustee; she but redeemed her land from the lien of the trust deed. Held, that as the owner of the equity of redemption she had the right to do this; and, held, further, that such right could not be defeated by the service of garnishment process on the trustee at the instance of her judgment creditors.

*Appeal from the Lincoln Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

REVERSED.

MARTIN & WOOLFOLK and WM. A. DUDLEY for respondent.

The law imposes upon the officer levying the writ the duty of protecting the execution of defendant. The court can not do this duty nor determine the matter for him. State ex rel. v. Barrada, 57 Mo. 562; State ex rel. v. Barnett, 96 Mo. 133; State to use Snider v. Bierwirth, 47 Mo. App. 551. Besides this, the motion is not properly in this case. It was filed by Mrs. Berkley, the defendant, and her exception could not avail the garnishee, who alone prosecutes this appeal. Mrs. Berkley alone was interested in quashing the writ. The fund was hers. She having taken no appeal and abandoned the motion, the garnishee can not be interested in its further prosecution. Osborne v. Schutt, 67 Mo. 712; State to use v. Bierwirth, *supra.* "The issue or issues made upon the denial and reply shall be the sole issue tried" and "shall be tried as

ordinary issues between plaintiff and defendant." R. S. 1889, sec. 5234; Brown v. Gummersell, 30 Mo. App. 341. The answer has no greater weight than any other pleading. R. S. 1889, sec. 5236; Smith v. Heidecker, 39 Mo. 157. If the foregoing is the law, as it seems to be, it disposes of all that appellant has to say on the merits. But, when the garnishee admits in his reply or evidence that recently before the levy he had attachable funds, the burden shifts to his shoulders and he must show such a disposition of the funds as will exonerate him from any liability. Simply saying "no" won't do. He must set up facts showing such a disposition, in such time and under such circumstances as will release him. The fund levied upon was attachable. Price v. Blankenship, 144 Mo. 203; Casebolt v. Donaldson, 67 Mo. 308; Sherwood v. Saxton, 63 Mo. 78. The nature of Mrs. Berkley's claim against the garnishee attached in this case is not of the kind that will deprive a strictly law court of jurisdiction. Price v. Blankenship, *supra;* Humphrey v. Milling Co., 98 Mo. 542. Nor does fraud, pleaded as in this case, deprive the court of jurisdiction. Strauss v. Ayers, 34 Mo. App. 248, and cases cited therein at page 255; Humphrey v. Milling Co., *supra.* These cases clearly declare that fraud can be tried in a garnishment suit.

NORTON, AVERY & YOUNG for appellant.

This defense being equitable, the justice of the peace could certainly have no jurisdiction. Morris v. McMahan, 75 Mo. App. 494; Kelchner v. Morris, 75 Mo. 588. The officer, not having been required to summon any garnishee in particular, but having done so, his return must show what property of the defendant he found in the possession of the garnishee, in order to justify the act of summoning him to appear and answer. Madsby v. Farr, 3 Mo. 438; Lindell v. Benton, 6 Mo. 361; Gates v. Tusten, 89 Mo. 13. The motion filed by defendant, Nancy J. Berkley, to quash the levy of the execution in garnishing Sydnor should have been sustained. It was

grounded upon the fact that she was a housekeeper and the head of a family, and entitled to all the rights given her under sections 4902, 4903 and 4906, Revised Statutes.    She was the head of a family and entitled to exemptions, though living apart from her husband.    Nash v. Norment, 5 Mo. App. 545; Gladney v. Berkley, 75 Mo. App. 98.    Being the head of a family and entitled to exemptions, it became and was the duty of the officer, before levying the garnishment, to apprise the debtor of her rights and to summons householders and set the same off—and this is mandatory.    State ex rel. Lewis v. Barnett, 96 Mo. 133; State ex rel. Barada, 57 Mo. 562; Paddock v. Lance, 94 Mo. 283; Gladney v. Berkley, 75 Mo. App. 98.

BLAND, P. J.—So much of the record as is necessary to an elucidation of this opinion is as follows: Sydnor, garnishee, appeared before a justice of the peace, and to the following interrogatories propounded to him, to wit: "At the time of the service of the garnishment had you in your possession or under your control any property, money or effects of the defendant or either of them? If so, state what property, how much, and of what value and what money or effects." "At the time of the service of the garnishment did you owe the defendants or either of them any money, or do you owe them any now? If so, how much, on what account and when did it become due? If not yet due, when will it become due? answered as follows, to wit: "First:—That at the time of the service of the garnishment herein he did not have under his possession or under his control any money, property or effects of defendants or either of them." "Second:—At the time of the service of the garnishment herein he did not owe defendants any money, nor does he owe them now."

To this answer plaintiff filed the following denial:

"It is not true as stated in the answer to the first interrogatory herein that at the time of the service of the garnishment upon him he did not have in his possession or under his control any property, money or effects of defendants or either of them;

and they say further that it is not true as stated in garnishee's answer to the second interrogatory that at the time of the service of the garnishment upon him he did not owe the defendants or either of them any money, or does not owe them any money now. On the contrary, plaintiff says that at the time of the service of the garnishment upon said garnishee, he had just sold as trustee, under a certain deed of trust made by said defendants Wm. and Nancy J. Berkley, certain real estate for the price or sum of $16,100 for the payment of a certain note and costs of said sale, aggregating the sum of $8,500, and that after paying said note and costs, there remained in the hands of said trustee the sum of $6,600 belonging to defendants, which sum, by the terms of said deed of trust, said garnishee was obliged to pay over to the defendants and constituted a debt due by said garnishee to the defendants at the time of said sale and at the time of the service of the garnishment and after answer of the garnishee herein and the same was and is subject to the payment of plaintiff's execution and judgment against defendants. And the same has never been paid over to defendants."

"And plaintiff further says that upon said sale of said land by said garnishee as trustee it became his duty as such trustee, by the terms of said deed of trust, to collect from the purchaser of said land the purchase price of $16,100 and to pay said surplus of $6,600 over to defendants and that if he failed to collect said purchase money, it was by reason of his neglect and fraud entered into between said garnishee and defendants for the purpose of hindering and delaying and defrauding the creditors of defendants, and especially the plaintiff, and of preventing the collection of her judgment against defendants out of the surplus proceeds of said sale, and that by reason thereof said garnishee is liable to the plaintiff for the amount of her judgment and costs.

"Wherefore plaintiff prays judgment for the sum of $159.31, the amount of her judgment, and for interest and costs of suit."

The justice heard the evidence and rendered a judgment against the garnishee, from which he appealed to the circuit court. In the circuit court the garnishee by leave of court filed the following reply to plaintiff's denial of his answer:

"Now comes the above named garnishee and for his reply to plaintiff's denial for his answer to interrogatories herein filed, says that it is true that on the 4th day of September, 1897, he, acting as trustee in a certain deed of trust given by defendants as in the denial set out, sold certain lands and that they were bid off for the price and sum of sixteen thousand, one hundred and one dollars, and it is true that the debts and costs of executing said deed of trust did not amount to the price bid for said lands by something over six thousand dollars.

"But further answering, he says that at the time of the giving of said deed of trust, that defendants were husband and wife, the wife owning in her own right an undivided two-thirds interest in said lands and the husband an undivided one-third interest in said lands. That afterwards a suit was brought in the circuit court of Lincoln county, Missouri, by Nancy J. Berkley against William Berkley and the beneficiary in said deed of trust, and on the trial of said cause in said circuit court it was ordered, adjudged and decreed by said court and judgment entered thereon that said lands be partitioned between Nancy J. Berkley and William Berkley in accordance with their respective interests and commissioners appointed to make said partition and that one-half of the indebtedness secured by said deed of trust attach to the portion set off to Nancy J. Berkley, and the remaining one-half attach to the portion set off to Wm. Berkley. That in accordance with said judgment and decree, commissioners were appointed, lands were partitioned as ordered in decree and report thereof made by commissioners, which report was approved, and partition made final. By this judgment and decree and partition a portion of said lands were given to Wm. J. Berkley to be held by him in fee simple, subject to the payment of half of the amount of

debt secured by said deed of trust, the remainder of said lands were given to Nancy J. Berkley to be held by her in fee simple, subject to the payment of the remaining one-half of said debt secured by said deed of trust. That on the said 4th day of September, 1897, the debt secured by said deed of trust and the costs incurred in executing same amounted to the sum of nine thousand dollars, and the beneficiary in said deed of trust ordered him as trustee to first sell the portion of the land set off in said decree to Wm. Berkley, which said trustee, acting under said direction, did, and the amount bid for said tract and for which it was stricken off and sold was the sum of four thousand dollars only, an amount less than that part of said debt that the court had decreed that the tract set off to Wm. Berkley should bear, and this garnishee says that in truth and in fact by reason of said debt and the judgment and decree of this court, under no circumstances did he at the time of the service of the garnishment, nor has he since nor has he now any money or property in his hands belonging to the defendant Wm. Berkley.

"Garnishee further answering says that immediately thereafter he offered for sale the lands that had been decreed by this court to Nancy J. Berkley, and that the same were striken off and sold for the sum of twelve thousand, one hundred and one dollars, 'and the same was by him deeded to Charles Berkley who was to hold the title for the defendant Nancy J. Berkley, and that this garnishee received no money on said sale save the debt secured, the costs and expenses of said sale.' That this garnishee paid to and received a receipt from the beneficiary in said deed of trust for the amount of the debt secured, the costs and expenses of executing said trust, and for the surplus or excess of the amount bid, after paying said debt, costs and expenses he received a receipt from Nancy J. Berkley, the person for whom the land was bid off, and to whom such surplus and excess under the provisions of the deed of trust and the judgment, order and decree of this court, it was payable and to whom it

belonged, she having purchased said lands. This garnishee therefore says that his answer to the interrogatories are and were correct and true, and prays to be discharged with his costs, charges and expenses in this behalf incurred."

Plaintiff then filed the following motion for judgment:

"Now comes the plaintiff and moves the court to render and enter judgment in this cause for plaintiff upon the admissions contained in defendant's reply to plaintiff's denial filed in this cause for the following reasons:

"First. Because by and in said reply of said defendant garnishee it is admitted that he, said garnishee, sold the lands of defendant in said execution for a sum amounting to six thousand dollars in excess of the debt or lien for which the same was sold and does not allege or state that he had paid said sum or any part thereof to defendants or either of them before service of garnishment in this cause.

"Second. Because the matter set up in said reply as an excuse or reason for not collecting the proceeds of such sale or bid of the purchaser thereof constitutes no defense to the action."

On this motion the circuit rendered judgment for the plaintiff against the garnishee, from which he duly appealed.

A motion for judgment confesses the truth of every fact that is well pleaded by the opposing party, and every reasonable inference in his favor that is deducible from his pleading should be drawn in opposition to the motion.

The reply of the garnishee states that the lands of Nancy Berkley were by him as trustee offered for sale at public vendue and "were stricken off and sold for $12,101, and that he deeded these lands to Charles Berkley, "who was to hold the title for Nancy Berkley, and that he received no money on the sale, save the debt secured by the deed of trust, costs and expenses of the sale, and that he received a receipt from Nancy Berkley, for whom the land was bid off, for the balance bid on the land." These allegations clearly show that Nancy

Berkley, through her agent, Charles Berkley, was the real purchaser of her own lands at the trustee's sale, and that the inference is that she furnished the money to pay the balance of the secured debt, expenses and costs of the sale and the allegation is that the beneficial interest in and to the land was conveyed to her through her trustee, Charles Berkley. This transaction was a purchase by Mrs. Berkley of her own land at her own sale, and has the same legal and equitable bearing on her interest in the lands, as if she had before sale paid off the deed of trust and received a deed of release from the trustee. She but redeemed her land from the lien of the trust deed. As the owner of the equity of redemption she had the right to do this, which right could not be defeated by the service of garnishment process on the trustee at the instance of her judgment creditor, as was attempted to be done in this case. For the reasons herein stated, the judgment is reversed. All concur.